UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TERRY DAUM,

    Plaintiff,

           v.

SERGEANT JOHN DOE,
CORRECTION OFFICER HOLTZ,
CORRECTION OFFICER ZEHLER, and
JOHN DOE CORRECTION OFFICERS 1-2,

    Defendants.

ORDER
13-CV-88V(F)

---

The Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge Leslie G. Foschio for all pretrial matters, including those that a magistrate judge may hear and determine, *see* 28 U.S.C. § 636(b)(1)(A), and those that a magistrate judge may hear and thereafter file a report and recommendation, *see* 28 U.S.C. § 636(b)(1)(B).[1]  Docket Item 26.

On August 14, 2014, the defendants moved for summary judgment, arguing that the plaintiff failed to exhaust administrative remedies.  *See* Docket Item 22-1. Defendant Holtz also moved for summary judgment on the grounds that he did not use excessive force on the plaintiff and that the plaintiff did not present sufficient evidence to maintain his failure-to-intervene claim against Holtz.  *See id.*  The plaintiff opposed summary judgment with respect to both motions.  *See* Docket Item 25.  First, he argued

---

[1] Judge Arcara originally referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr.  Docket Item 23.  The case later was reassigned to Magistrate Judge Foschio, who handled the summary judgment motion at bar.

1

that his failure to exhaust administrative remedies was justified – or, alternatively, that the defendants are estopped from raising his failure to exhaust administrative remedies. *See* Docket Item 25.  Second, he argued that the claims against Defendant Holtz should proceed to trial because, among other reasons, Holtz participated in a conspiracy to violate the plaintiff's rights.  *See id.*  The defendants then filed a reply.  Docket Item 27.

While the motions were pending before Judge Foschio, this case was transferred to the undersigned.  Docket Item 28.  On April 21, 2016, Judge Foschio issued a Report and Recommendation, recommending that the Court grant in part and deny in part the defendants' motion for summary judgment.  *See* Docket Item 29 at 23.  Specifically, Judge Foschio recommended: (1) denying the defendants' motion insofar as the plaintiff failed to exhaust administrative remedies, *id.* at 19; (2) granting Defendant Holtz's motion insofar as the plaintiff alleges a conspiracy claim, *id.* at 21; and (3) denying Defendant Holtz's motion insofar as the plaintiff alleges that Defendant Holtz failed to intervene, *id.* at 23.  The parties did not file any objections to the Report and Recommendation, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district judge may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district judge must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Rule 72 of the Federal Rules of Civil Procedure require a district judge to review the recommendation of a magistrate judge

to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Nonetheless, this Court has carefully reviewed Judge Foschio's Report and Recommendation, as well as the parties' submissions.  Based on that review and on the absence of any timely objections, the Court accepts and adopts Judge Foschio's recommendation to deny in part and grant in part summary judgment in favor of the defendants.

As Judge Foschio explains in detail in his Report and Recommendation, there are questions of fact about whether the exceptions to the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997e(a) – explained in *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004) – excuse the plaintiff from exhausting his administrative remedies before filing this lawsuit.  As the defendants observe, the intervening Supreme Court case of *Woodford v. Ngo*, 548 U.S. 81 (2006), raised the question of whether *Hemphill* remains good law.  *See* Docket Item 22-1 at 7-8.  But the Second Circuit has continued to apply *Hemphill* post-*Woodford*.  *See, e.g.*, *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006).  And, in fact, Judge Foschio relied primarily on *Ruggiero* – a post-*Woodford* decision – as authority for applying the *Hemphill* exceptions here.  Docket Item 29 at 11.

This Court also agrees with Judge Foschio's conclusion that a jury should find the facts that will determine the exhaustion issue because "the factual issues relating to exhaustion are intertwined with the merits of [the plaintiff's] underlying excessive force claim."  *See* Docket Item 29 at 17.  Therefore, resolution of the exhaustion question at the summary judgment stage would run "perilously close" to resolving disputed issues of

material facts on the plaintiff's substantive excessive force claim.  *See* Docket Item 29 at 18-19.

With respect to the plaintiff's claims against Defendant Holtz, the Court agrees that a § 1985(3) conspiracy claim is unavailable to the plaintiff here because the plaintiff does not fall into one of the classes that § 1985(3) is designed to protect.  *See* Docket Item 29 at 21; *see also United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 836 (1983) ("In the first place, it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause, most notably Republicans.").  Moreover, and more basically, the plaintiff did not allege a conspiracy claim under § 1985(3) in any of his pleadings, *see* Docket Items 1, 4, 6, so any conspiracy claim raised in the plaintiff's opposition papers should be dismissed for that reason as well.

The Court further agrees with Judge Foschio that disputes of material fact remain regarding the plaintiff's claim that Defendant Holtz failed to intervene.[2]  The plaintiff has offered sufficient proof to create an issue of fact that, regardless of how quickly the assault occurred, Defendant Holtz knew about the impending assault far enough in advance to intervene and protect the plaintiff.  *See* Docket Item 29 at 22 ("The cases . . . in which it was determined that a short amount of time rendered it difficult, if not impossible, for a corrections officer to react to a threat and prevent an assault on an inmate are readily distinguishable from the instant case in which Plaintiff alleges that

---

[2] Judge Foschio sometimes refers to this claim as the "failure to protect" claim.  *See* Docket Item 29 at 21.  But both phrases refer to the same claim: Defendant Holtz's alleged failure to intervene to protect the plaintiff during the alleged assault.  *See id.* ("Plaintiff claims Defendant Holtz, who was present when Plaintiff was assaulted, failed to intervene to prevent the assault . . . .").

Holtz was among the corrections officers who, by accompanying Zehler, manifested his intention to facilitate the impeding assault.").

For the reasons stated above and in the Report and Recommendation (Docket Item 29), the defendants' motion for summary judgment (Docket Item 22) is **GRANTED** with respect to any conspiracy claim the plaintiff may have attempted to assert under 42 U.S.C. § 1985(3) and is **DENIED** in all other respects.

A search of the docket shows that there are no other pretrial motions pending, and the case appears ready for trial. The parties therefore are directed to appear before the undersigned on **June 30, 2016, at 2:00 p.m.** for a status conference to set a trial date.

IT IS SO ORDERED.

Dated: June 21, 2016
      Buffalo, New York

                              *s/ Lawrence J. Vilardo*
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE